Newbury agt. Newbury.

## SUPREME COURT.

### NEWBURY agt. NEWBURY.

In motions that are to be heard on the pleadings, it is never necessary to serve copies on any of the parties to the suit. Therefore a motion to vacate an order for an injunction made upon service of a *notice merely*, entitled in the action, stating that the motion wold be founded on " a copy of the injunction and papers served therewith on the defendant," *held*, sufficient.

It is not necessary on such a motion to serve an affidavit stating that an action has been commenced; the papers upon which the motion is founded presupposes the fact. (*The decision in Osborn agt. Lobdell,* 2 Code *Rep.* 77, *disapproved.*)

In an action to recover damages for the conversion of property which the defendant was under obligation to divide with the plaintiff, annually each year, *held*, that an injunction which restrained the defendant "from selling, delivering, or in any manner disposing of, or appropriating to his own use any of the produce of the farm, until a division was made," was improperly granted, especially as it seemed the principle ground relied upon was that the plaintiff was afraid that the defendant would not keep an accurate account of the articles. Besides it was not alleged that the defendant was irresponsible.

*Motion to vacate an order made by a County Judge for an injunction.* HIRAM DENIO, read a notice of the motion, which was

entitled in the suit, stating that the application would be founded on the copy of the injunction and the papers served on the defendant. No affidavit, or other papers except the notice, had been served on the plaintiff. Whereupon

J. BENEDICT, for the plaintiff, made a preliminary objection that it did not appear that a suit had been commenced, citing Osborn vs. Lobdell (2 *Code Rep.* 77). The justice reserved the question, and the motion was argued on the merits.

GRIDLEY, Justice—This motion is made under the 225th section of the Code, which declares that *at any time,* before trial, the defendant may apply, upon notice, to a judge of the court to vacate or modify an injunction. The application may be made on the complaint and affidavits, on which the injunction was granted; or, upon affidavits on the part of the defendant, with or without an answer. A preliminary objection is made to bringing on the motion by the counsel for the plaintiff, on the ground that it does not appear *that a suit is commenced.* The notice was entitled in the action, and stated that the motion would be founded on "*a copy of the injunction and papers served therewith on the defendant.*" The motion may be made "*at any time,*" before the trial, and I see no greater reason for making an affidavit, and serving a copy of it, stating that a suit is pending in this case, than in any other motion which is made on the pleadings. The case of Osborn vs. Lobdell (2 *Code Rep.* 77), is cited as authority. It is, indeed, desirable that there should be a uniformity in the practice, but in that case the justice held that it did not appear that a suit had been commenced, notwithstanding the motion was made on copies of affidavits, and *all the pleadings in the cause.* It seems to me that it can not be necessary to serve an affidavit stating that a suit is commenced, when the notice and the papers on which the motion is made, presuppose the fact, and when the plaintiff can show the fact, if, in truth, no suit has been commenced. In motions that are to be heard on the pleadings, it is never necessary to serve copies on any of the parties to the suit; but it is only where a motion is made against a person who is not a party to the suit, that it is necessary to

serve copies of the pleadings and other proceedings (Morly vs. Green, vol. 4th p. 59, of cases reported in the supplement to the *Saratoga Sentinel*). When a party moves for costs in a case where a special motion is not brought on, pursuant to notice, the counsel who asks for costs merely reads the notice he has received. He is never required to produce an affidavit of the attorney, that the notice was served on him. I am therefore of opinion, that the notice and proof of service was enough in the first instance, to entitle the defendant to read the papers that had been served on him in the suit. If there be any error in the papers, the opposite party may show it in opposition to the motion.

Upon the merits of the motion, it appears by the complaint, that the plaintiff is the widow and devisee of Samuel Newbury, deceased; that before the death of the said Samuel, he executed an agreement to and with the defendant, by which he conveyed to him the one half of his farms, and the defendant agreed to work the farms in a good and workmanlike manner, and to render half of the produce thereof to the said Samuel, during the lives of the said Samuel and his wife (the plaintiff in this action). That after the death of the said Samuel, the plaintiff brought an action against the defendant and obtained a decretal order by which it was determined that the plaintiff was entitled to receive, and the defendant was to pay annually to the plaintiff the one half of the produce of the farms, except what should be necessary to keep the team and stock mentioned in the said agreement, during her life; and by which it was referred to Volney Owen, Esq. to state an account between the parties; that she has caused a demand to be made of her portion of the produce, which the defendant has refused to deliver, pursuant to such demand; praying an injunction and damages for the produce converted to the use of the defendant.

Upon this complaint and the accompanying affidavits, the county judge granted an injunction enjoining the defendant "*from selling, delivering, or in any manner disposing of or appropriating to his own use*, any of the produce of the farms except what is necesary to keep the stock and teams on the farms until a division of the produce is made.

This is a suit to *recover damages* for the conversion of property, which the defendant was under obligation to divide with the plaintiff " *annually* " each year. Therefore, the injunction is not provided for by the 219th section of the Code. There is no allegation in the complaint or affidavit, that the defendant is not abundantly responsible for any judgment the plaintiff can obtain against him. Why, then, should he be enjoined from taking and using for his family, the ordinary productions of the garden and farms? or why should he be prohibited from selling such articles as require to be sold during the current year, and before the division? The answer is that she is afraid he will not keep an accurate account of such articles. But there is no reason shown why she entertains this belief. There is no necessity for an injunction. When the time comes for a division, if the defendant has not the property to divide, he may be prosecuted and made to account; and the plaintiff has the same remedy as every individual has, who lets a farm to a tenant on shares, and who sues the tenant for a breach of the agreement in not delivering to him his half. The injunction must be vacated with $10 costs.